CONTRACTOR'S SUPPLY COMPANY, INC., ET AL. *v.* CONNECTICUT RAILWAY AND LIGHTING COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 9—decided December 5, 1945.

*Maxwell H. Goldstein,* for the appellants (plaintiffs).

*Martin E. Gormley,* for the appellee (defendant).

PER CURIAM. In this action the plaintiff company seeks to recover for damage to its automobile, and the plaintiff Orlando, who was driving the car, damages for personal injuries, alleged to have resulted from a collision with the defendant's bus due to the defendant's negligence. The court rendered judgment for the defendant and the plaintiffs have appealed. Orlando will be referred to as the plaintiff.

The material facts found by the court may be thus summarized: Thomaston Avenue in Waterbury, near the place of collision, after making a wide sweeping turn to the right as one proceeds along it westerly and northerly, continues on straight northerly for over six hundred feet. It has a concrete roadway twenty-four feet wide with a five-foot, hard-surfaced shoulder on the east and a similar three-foot shoulder on the west. About 10 o'clock on the morning of March 27, 1941, a driver of one of the defendant's busses, having made a wide turn on a vacant lot on the east side of the road just north of the curve, drove the bus westerly in low gear and brought it to a stop with its front end on the east shoulder of the road at a place three hundred and forty-five feet north of the curve.

From this point he had a clear view to the south for three hundred feet, and the bus was in full view of drivers proceeding northerly around the curve for at least two hundred and fifty feet. There was no traffic then in sight and the bus driver drove southwesterly in low gear at five miles per hour, intending to proceed southerly on the west side of the concrete. When the front of the bus reached the middle line of the roadway, he saw the plaintiff's car coming around the curve on the west side of the concrete at a speed of from fifty to sixty miles per hour. At that time the bus, which was twenty-eight feet long, extended back to a point beyond the easterly shoulder. After observing the approaching car, the driver continued to drive the bus southwesterly at five miles per hour onto the west side of the roadway. When its left rear wheel reached the middle of the concrete, the left front of the plaintiff's car collided with the bus with great violence at or near its left rear tire. The road was dry and the bus, proceeding at five miles per hour, could have been stopped within two feet.

The plaintiff first saw the bus as its front end reached the middle line of the concrete. His car was then about two hundred feet to the south with the larger part of it on the west half of the roadway. After rounding the curve he directed his car along the west side of the roadway without reducing its speed, with the intention of passing to the left in front of the bus while it was still in a diagonal position on the highway. Upon reaching a point eighty feet south of the bus, however, and perceiving the danger of collision, he turned his car to the right and when fifty feet from the bus applied his brakes, but the collision immediately ensued. He could have stopped his car within about one hundred feet when proceeding at from thirty-five to forty miles per hour. At no time did the plaintiff reduce the speed of his car after rounding the curve until he applied the brakes as just stated. He knew that busses were likely to come out onto the highway after turning around on the vacant lot.

The court concluded that the defendant was not negligent, that the plaintiff was negligent, and that the plaintiff's negligence was a proximate cause of the collision. Upon the facts recited above, it is manifest that, whatever may be said of the driver's operation of the bus, the court was amply warranted in concluding that the plaintiff's conduct was at least negligent if not reckless, and that this conduct was a substantial factor in producing the collision. The plaintiffs therefore can prevail upon this appeal only if they obtain material corrections of the finding to which, our study of the evidence shows, they are not entitled.

There is no error.